UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MAHMOUD AHMADI,<br>Plaintiff, | § § § | |
| V. | § § | CIVIL NO. 4:26-CV-252-SDJ |
| LIFE TIME, INC.<br>d/b/a LIFE TIME,<br>Defendant. | § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** MAHMOUD AHMADI, Plaintiff herein, complaining of and against LIFE TIME, INC. d/b/a LIFE TIME, Defendant, and for cause of action would respectfully show the following:

## PARTIES

1. Plaintiff MAHMOUD AHMADI is an individual residing in Plano, Texas, and is a citizen of the State of Texas.

2. Defendant LIFE TIME, INC. d/b/a LIFE TIME is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Minnesota, and is registered and authorized to conduct business in the State of Texas. Defendant LIFE TIME, INC. d/b/a LIFE TIME is not a citizen of the State of Texas, but is an entity doing business in the State of Texas. Defendant LIFE TIME, INC. d/b/a LIFE TIME maintains an agent for service of process in Texas at National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, and has been served with process and has answered and appeared herein.

## JURISDICTION AND VENUE

3.  Jurisdiction of this action is vested in this Court by 28 U.S.C. § 1332 as diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

4.  Venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claim occurred Collin County, Texas, which lies within the Eastern District of Texas, Sherman Division.

## FACTS

5.  On or about February 6, 2025, Plaintiff was injured while on Defendant's premises at Life Time, located at 4900 Throne Hall Way, Frisco, Texas 75034 (the "Premises"). At the time of Plaintiff's injury, the Premises were being used for the purpose of a Fitness Club.

6.  Defendant was in control of the Premises where Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the Premises or was leasing the Premises and had the exclusive right to control the Premises.

7.  While inside the steam sauna provided by Defendant for its members, Plaintiff experienced a medical event and lost consciousness. Plaintiff fell to the floor inside the steam room and remained unattended for an extended period of time.

8.  As a result of remaining in the sauna for an extended period of time, Plaintiff sustained severe second- and third-degree thermal burns over various parts of his body due to prolonged contact with the heated surface and exposure to excessive heat within the steam room. Plaintiff's injuries necessitated an extensive in-patient hospitalization and rehabilitation and resulted in significant and life-long injuries and damages.

## CAUSES OF ACTION: NEGLIGENCE AND GROSS NEGLIGENCE

9. At all material times herein, Plaintiff was lawfully on Defendant's premises and was entitled to rely on Defendant to maintain the premises, including the steam room, in a reasonably safe condition. Defendant owed Plaintiff a duty to exercise ordinary care in the maintenance, monitoring, and operation of the steam room and its facilities to prevent unreasonable risks of harm, including excessive and over-long heat exposure. Defendant failed in that duty with that failure being the proximate cause of Plaintiff's injuries and damages.

10. Defendant, by and through its agents, representatives, and employees, was negligent in the maintenance, monitoring, and operation of the steam room located within its facility. Defendant failed to maintain the steam room at a safe and reasonable temperature for its intended use by patrons and further failed to implement proper safety protocols, including adequate temperature regulation systems, warning signage, and periodic inspections to prevent hazardous conditions. Defendant further failed to properly monitor sauna occupancy in order to ensure the safety of its patrons such as Plaintiff, failed to establish and enforce emergency response protocols, and failed to adequately warn patrons of the risks associated with prolonged exposure to the high temperatures in the room.

11. As a direct and proximate result of Defendant's negligence, Plaintiff suffered heat exhaustion, loss of consciousness, and severe second- and third-degree burns over extensive portions of his body. Plaintiff required extensive hospitalization and medical treatment as a result of his injuries, has incurred substantial medical expenses, has experienced extensive pain and suffering due to his injuries as well as permanent physical scarring and physical impairment.

12. Defendant's conduct, as described herein, constituted negligence and gross negligence, in that Defendant's acts and omissions involved an extreme degree of risk, of which Defendant had actual, subjective awareness, but proceeded with conscious indifference to the rights,

safety, and welfare of Plaintiff.

**DAMAGES**

13. As a direct and proximate result of the negligence and gross negligence of Defendant described herein, Plaintiff suffered severe injuries and seeks damages from Defendant as follows:

    a.  Past and future reasonable medical expenses;

    b.  Past and future physical pain and suffering;

    c.  Past and future mental and emotional anguish;

    d.  Past and future physical impairment;

    e.  Past and future physical disfigurement and scarring;  and

    f.  Exemplary damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests judgment for damages as pled, prejudgment and post judgment interest as provided by law; costs of court; and such other and further relief, in law or equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,
**RAD LAW FIRM**

BY: _____

**MICHAEL R. MITCHELL**
State Bar No. 14217810
8001 LBJ FWY, Suite 300
Dallas, Texas 75251
Phone (972) 661-1111
Fax (972) 661-3537
E-Service: efilemm@radlawfirm.com Email:
mmitchell@radlawfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served on April 16, 2026 to all counsel of record in accordance with the Federal Rules of Civil Procedure.

MICHAEL R. MITCHELL